OPINION
Defendant-appellant Willis Miller appeals the October 14, 1999 Judgment Entry of the Holmes County Court of Common Pleas which found him guilty of four counts of forgery and sentenced him accordingly. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
On June 17, 1999, the Holmes County Grand Jury indicted appellant with four counts of forgery, in violation of R.C. 2913.31(A)(1), each a felony of the fifth degree. The matter proceeded to a jury trial on October 12, 1999. The following evidence was adduced at trial. Amelia D. Austin, a sales clerk at the Grocery Bag in Millersburg, Ohio, was the first to testify. Ms. Austin testified the Grocery Bag routinely permitted cashiers to cash checks for customers. Cashiers were not required to check a customer's identification before cashing checks. On January 17, 1999, Ms. Austin cashed a check for $200.00 drawn on the account of Isaac Weller. Ms. Austin assumed appellant was Isaac Weller, but she did not check appellant's identification. Ms. Austin testified she was certain appellant presented the check because she remembered a conversation she had with him the following day. On the second day, appellant attempted to purchase two gallons of milk and cash a check for $250 made payable to The Grocery Bag. Ms. Austin informed appellant she would not cash the check because appellant had already cashed over $600 worth of checks at the Grocery Bag the past two days. Appellant left shortly thereafter. When Ms. Austin examined each of the checks presented to the Grocery Bag, she noticed "Isaac" had been spelled incorrectly on one of the checks. Detective Douglas Goudy of the Tuscarawas County Sheriff's Office was next to testify. Detective Goudy conducted the investigation and testified he obtained photocopies of the checks in question from Mr. Weller's bank. Because the checks had been microfilmed and shredded, only copies were available for the investigation. Detective Goudy explained he decided not to have a handwriting analysis of the checks conducted because such an examination relies on the pressure the writer exerts on the original document. Isaac Weller, the owner of the checks in issue, was the State's final witness. Mr. Weller testified he was a mechanic and owned a business called Ike's Repair. Mr. Weller knew appellant because he had employed him off and on for the last ten to twelve years. Mr. Weller kept his checkbook in his office at his business. He noticed the checks were missing only when he received an overdraft notice from his bank. Mr. Weller testified he had paid appellant from the same checkbook. Appellant had seen the checkbook and where it was kept in his office. Mr. Weller further testified the office door was rarely locked. Mr. Weller examined the checks at issue and identified them as those he had reported missing. Mr. Weller noticed each check had been written to the Grocery Bag. Mr. Weller further testified he did not sign or fill out any of the checks, and he did not recognize the handwriting on the checks. Mr. Weller did not give anyone permission to take, sign, or use the checks. The State rested its case after the testimony of Mr. Weller. Appellant moved for a directed verdict pursuant to Crim.R. 29. The trial court denied appellant's request. On October 13, 1999, the jury found appellant guilty of four counts of forgery as charged in the indictment. In an October 14, 1999 Judgment Entry, the trial court entered a judgment of conviction and sentenced appellant to nine months in prison for each of the four counts. The trial court ordered the terms be served consecutively. In 1997, in Case No. 97-CR-019, appellant was convicted of seven counts of theft of checks, felonies of the fifth degree, in violation of R.C. 2913.02(A)(1). In a July 28, 1997 Judgment Entry, the trial court sentenced appellant to five years of community control. One of the terms of appellant's basic supervision was to obey all federal, state, and local laws. On October 14, 1999, the trial court conducted an adjudicatory hearing relative to appellant's violation of this community control sanction due to appellant's October 14, 1999 conviction on the four counts of forgery. In an October 14, 1999 Judgment Entry, the trial court revoked appellant's community control sanctions and sentenced appellant to serve eleven months in prison on each of the seven counts of theft of checks. The trial court ordered those sentences to be served concurrently with each other, but consecutive to appellant's new sentence in the forgery case, Case Number 99-CR-035. Appellant now appeals from the October 14, 1999 Judgment Entry in Case No. 99-CR-019, which revoked his community control sanctions and imposed sentence, and the October 14, 1999 Judgment Entry in Case No. 99-CR-035 which found him guilty of four counts of forgery and sentenced him accordingly. Appellant assigns the following errors for our review:
 I. APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT REFUSED TO DISMISS THE INDICTMENT WHERE THERE WAS A MATERIAL VARIANCE BETWEEN THE ALLEGATION OF THE INDICTMENT AND THE PROOF EMPLOYED AGAINST THE APPELLANT.
 II. THE APPELLANT WAS DENIED DUE PROCESS OF LAW IN THAT THE JURY VERDICT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE TO PROVE THE DEFENDANT GUILTY BEYOND A REASONABLE DOUBT OR, IN THE ALTERNATIVE, THE COURT ERRED IN DENYING DEFENDANT'S MOTION FOR A DIRECTED VERDICT OF ACQUITTAL.
 III. THE APPELLANT WAS DENIED DUE PROCESS OF LAW IN THAT THE JURY VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 IV. THE APPELLANT WAS DENIED DUE PROCESS AND THE COURT ABUSED ITS DISCRETION WHEN IT SENTENCED APPELLANT TO 4 CONSECUTIVE TERMS OF 9 MONTHS OF INCARCERATION.
 I
In appellant's first assignment of error, he maintains the trial court erred in refusing to dismiss the indictment where there was a material variance between the allegation contained in the indictment and the actual proof employed against appellant at trial. Appellant argues he was prejudiced by the admission of such evidence in that he was unable to adequately prepare a defense to the charges as indicted. Appellant also contends the evidence presented was insufficient, and he could only have been convicted if the finders of fact stacked inferences upon inferences, a practice prohibited by Ohio law. We disagree with appellant's contentions. In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jenks, supra, at paragraph two of the syllabus. A trier of fact may not draw "[a]n inference based * * * entirely upon another inference, unsupported by any additional fact or another inference from other facts[.]" State v. Cowans (1999), 87 Ohio St.3d 68, 78, citing Hurt v. Charles J. Rogers Transp. Co. (1955), 164 Ohio St. 329, paragraph one of the syllabus. However, "[a]n inference * * * based in part upon another inference and in part upon facts is a parallel inference and, if reasonable, may be indulged in * * * ." Id., paragraph two of the syllabus. Appellant was indicted with four counts of forgery, in violation of R.C. 2913.02(A)(1), which states:
(A) No person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall do any of the following:
(1) Forge any writing of another without the other person's authority; * * * However, appellant maintains the State actually presented evidence to support a charge of forgery under R.C. 2931.13(A)(3), which states: (A) No person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall do any of the following:
3) Utter, or possess with purpose to utter, any writing that the person knows to have been forged.
Both "forge" and "utter" are defined in R.C. 2913.01: (G) "Forge" means to fabricate or create, in whole or in part and by any means, any spurious writing, or to make, execute, alter, complete, reproduce, or otherwise purport to authenticate any writing, when the writing in fact is not authenticated by that conduct.
(H) "Utter" means to issue, publish, transfer, use, put or send into circulation, deliver, or display.
At trial, Mr. Weller testified appellant was aware of the location of the checks. While appellant did not have permission to take the checks, he did have access to the checks because the office in which the checks were stored was not locked. Mr. Weller did not complete or sign the checks stolen from his office. Appellant tendered one of the checks taken from Mr. Weller at The Grocery Bag on January 17, 1999. The cashier, Ms. Austin, assumed appellant to be Isaac Weller. Ms. Austin also testified appellant returned the next day, January 18, 1999, and attempted to cash another check, again drawn on the account of Isaac Weller. Ms. Austin declined to cash the check because appellant had cashed checks for approximately $600, drawn on the account of Mr. Weller, at the Grocery Bag on January 17 and 18, 1999. We find this evidence was sufficient to support the jury's conclusion appellant forged each of the checks tendered at The Grocery Bag. Appellant was clearly in possession of the checks, clearly tendered the checks, and had cashed more than $600 worth of checks drawn on Mr. Weller's account at the store within two days. When coupled with the testimony of Mr. Weller that he had given no one permission to either take the check or sign the checks for him, there was sufficient evidence from which a jury could infer appellant forged the checks. While we acknowledge a jury is not permitted to draw an inference upon an inference, such did not occur here. Based upon the facts noted supra, we find there was sufficient evidence from which the jury could infer appellant signed the name of Isaac Weller to each of the checks appellant presented for payment at the Grocery Bag. Accordingly, no material variation between the indictment and the evidence presented. We find no prejudice in the presentation of such evidence. We find the jury was presented with sufficient evidence, if believed, to find appellant guilty of forgery as charged in the indictment. Appellant's first assignment of error is overruled.
 II
In appellant's second assignment of error, he maintains the trial court erred in failing to grant his motion for directed verdict because the State failed to present sufficient evidence. We disagree. Crim.R. 29 governs a defendant's motion for acquittal, and states, in pertinent part:
(A) Motion for judgment of acquittal
The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.
On appeal of the denial of a Crim.R. 29(A) motion, the "relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Williams (1996), 74 Ohio St.3d 569, 576, citing State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. For the reasons set forth in our Statement of Facts, supra, and in our analysis of appellant's first assignment of error, we find the State presented sufficient evidence from which a rational trier of fact, viewing the evidence in a light most favorable to the prosecution, could find the essential elements of the crime proven beyond a reasonable doubt. Appellant's second assignment of error is overruled.
 III
In his third assignment of error, appellant contends the jury's verdict was against the manifest weight of the evidence. We disagree. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins (1997),78 Ohio St.3d 380, 387 citing State v. Martin (1983), 20 Ohio App.3d 172,175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1. For the reasons set forth in our Statement of Facts, supra, and in our analysis appellant's first and second assignments of error, we find the jury's verdict was supported by competent, credible evidence. Accordingly, appellant's third assignment of error is overruled.
 IV
In his fourth assignment of error, appellant maintains the trial court abused its discretion in sentencing appellant to four consecutive nine month prison terms. We disagree. R.C. 2929.14(E)(4) governs the imposition of consecutive prison terms. The statute provides: (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Appellant contends the trial court abused its discretion in finding consecutive sentences were necessary and not disproportionate to the seriousness of appellant's conduct. In support of this position, appellant argues if appellant had simply stolen the money by threat or intimidation, each of offense would have been a misdemeanor of the first degree with a maximum possible sentence of eighteen months. In its October 14, 1999 Judgment Entry of Convictions and Sentence, the trial court made each of the requisite findings pursuant to R.C. 2929.14(E). Notwithstanding appellant's argument with regard to the punishment for a theft offense, appellant was, in fact, sentenced to four counts of forgery and sentenced according to law. We find the imposition of consecutive sentences pursuant to R.C. 2929.14(E) was not disproportionate to the seriousness of appellant's conduct. Appellant was convicted of four counts of forgery for victimizing his prior employer. Further, appellant engaged in this criminal conduct while on community control for a conviction of theft of checks. Under the circumstances, we find no error in the trial court's imposition of consecutive sentences. Appellant's fourth assignment of error is overruled.
The October 14, 1999 Judgment Entry of Conviction and Sentence in Case No. 99-CR-035; and the October 14, 1999 Judgment Entry of the Holmes County Court of Common Pleas in Case No. 97-CR-019 are affirmed.
_________________________________ Hoffman, J.
By: Hoffman, J. Edwards, P.J. and Boggins, J. concur